0053

N. Clifton SATTERWHITE, Respondent, v. Pat D. SATTERWHITE, Appellant.

(312 S. E. (2d) 21)

Court of Appeals

*Jan L. Warner* and *C. Dixon Lee, III*, Sumter, *for appellant.*

*Harvey L. Golden* and *Glenda M. Greenaway*, Columbia, *for respondent.*

Jan. 30, 1984.

SHAW, Judge:

This is an action for contempt. The appellant, Mrs. Satterwhite, was found to be in willful contempt of a previous court order, was denied an increase in child support, and ordered to pay $500 in attorney's fees to the respondent, Reverend Satterwhite. We affirm all portions of the lower court's contempt order and remand the prior order with directions to the Family Court to make it more specific as to Reverend Satterwhite's visitation rights.

In the first action in this case, instituted by Mrs. Satter-

white, an order of Separate Maintenance was entered by the Family Court on August 14, 1979. In its relevant portions, the order provided with respect to visitation that the Reverend was to have the parties' two minor children for one week at Christmas "beginning on December 25," that the Reverend was to have the children from August 1, 1979 to August 5, 1979 specifically, and that Mrs. Satterwhite was to meet the Reverend halfway between the parties' homes when he was entitled to the children on the weekend. (They live in different cities). The order also provided that the Reverend was to make his wife's car payments until she obtained employment but in no event for more than six months, that the Reverend was entitled to certain personal property from his wife who was to help him obtain the same, and that the Reverend was to pay $300/month in child support.

The Reverend instituted a contempt action against his wife in January of 1980 claiming that his wife had willfully violated the court's order regarding visitation, that she had failed to assume her car payments, and that she had failed to cooperate with him in obtaining the items of personalty.

Mrs. Satterwhite takes exception to the Family Court's finding that she was in willful contempt of the terms and provisions of the court's order of August 14, 1979 with respect to Reverend Satterwhite's visitation rights. She takes the position that the preponderance of evidence fails to demonstrate any clear and specific acts or conduct constituting contempt. The Family Court cited three specific acts of contempt which we find to be amply supported by the evidence presented. The order provides for Reverend Satterwhite to have weekend visitation with the childen at regularly scheduled intervals. During November 1979 Reverend Satterwhite went to Fayetteville on a designated weekend to pick up the children. Mrs. Satterwhite refused to permit visitation and the Reverend did not see the children that weekend. Mrs. Satterwhite herself admitted that she denied Reverend Satterwhite visitation on this weekend. This admitted violation of the court's order was sufficient to support a finding of contempt.

The order states that the Reverend was to have the children for one week "beginning on December 25" without stating at what time on that day. The Rever-

end desired to pick up the children at twelve noon, having plane reservations to fly to Florida to see his parents. Mrs. Satterwhite, having full knowledge of these plans, refused to allow him the children until later that afternoon. As a result Reverend Satterwhite was forced to fly to Florida without the children and did not see them at all during the Christmas holidays. This court finds no valid reason for Mrs. Satterwhite to have refused to accommodate her husband.

Finally, with respect to visitation, Mrs. Satterwhite has on numerous occasions willfully failed to comply with that part of the court's order requiring her to meet her husband halfway on the weekends that he is entitled to the children. Accordingly, the finding of contempt for the visitation violations is affirmed as is the requirement that Mrs. Satterwhite post a $5,000 bond to insure her future compliance.

Mrs. Satterwhite next claims that she is financially unable to make her car payments. However, the record shows that Mrs. Satterwhite had the means to make those payments but chose to spend the money on other items. The part of the order requiring Mrs. Satterwhite to reimburse her husband for the $1,935 in car payments he made on her behalf is affirmed.

With regard to the items of personalty, the trial judge properly held Mrs. Satterwhite in contempt for willfully withholding these items from her husband. The preponderance of evidence does not substantiate her claim that the Reverend never sought to obtain the property.

Section 20-7-1350. Penalties for violations by adults. Any adult who willfully violates, neglects or refuses to obey or perform any lawful order of the court, or who violates any provision of this chapter, may be proceeded against for contempt of court. Any adult found in contempt of court may be punished by a fine or both fine and imprisonment, in the discretion of the court, but not to exceed imprisonment for one year or a fine of fifteen hundred dollars, or both.

There was also no abuse of discretion by the trial judge in refusing to increase the amount of child support. In addition to the $300/month, the Reverend is also pay-

ing $80/month in health insurance, $25/month for his daughter's YMCA costs, and the travel expenses in the exercise of his visitation rights.

Finally, because Mrs. Satterwhite's deliberate and willful actions caused this lawsuit, we affirm the award of attorney's fees to the Reverend.

Accordingly, the judgment below is affirmed but remanded with instructions to spell out the Reverend's visitation rights in a more specific manner.

Affirmed and remanded.

BELL and GOOLSBY, JJ., concur.